IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GEORGE HERROD, JR.,                :

    Petitioner,                    :

v.                                 :        CIVIL ACTION 05-0118-CB-M

CHERYL PRICE,                      :

    Respondent.                    :

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required.  It is recommended that this habeas petition be dismissed as time- barred and that judgment be entered in favor of Respondent Cheryl Price and against Petitioner George Herrod, Jr. pursuant to 28 U.S.C. § 2244(d).

Petitioner was convicted of burglary in the second degree[1] in the Circuit Court of Perry County on September 20, 1995 for

---

[1] Petitioner states that he was convicted of burglary second and third degree and receiving stolen property in the first, second, and third degree (Doc. 1, pp. 2-3).  Respondent, however, references only the conviction for burglary second degree and provides exhibits from that conviction (Doc. 12, p. 1).

which he received a sentence of life in the state penitentiary (Doc. 1, pp. 2-3; *see* Doc. 12, Exhibit RX-1).  Herrod did not appeal his conviction or sentence (Doc. 1, p. 3; Doc. 12, Exhibit RX-1).

Petitioner filed a State Rule 32 petition on May 20, 1997 (*see* Doc. 12, Exhibit RX-2, p. 23).  Herrod later filed a motion to withdraw that petition which was granted in open court on September 8, 1997 (*see* Doc. 12, Exhibit RX-3, p. 36).

Petitioner filed a second Rule 32 petition on October 29, 1999 (Doc. 12, Exhibit RX-3, pp. 5-12) which was denied on December 28, 2000 (*id.* at pp. 27-28).  On September 24, 2004, the Alabama Court of Criminal Appeals affirmed the lower court's dismissal of the petition (Doc. 12, Exhibit RX-1).[2]  On January 7, 2005, the Alabama Supreme denied *certiorari* and issued a certificate of judgment (Doc. 12, Exhibit RX-9).

Petitioner filed a complaint with this Court on February 25, 2005 raising the following claims:  (1) Herrod was illegally sentenced; and (2) he received ineffective assistance of counsel (Doc. 1).  Respondent has answered the petition, arguing that it should be dismissed as it was not

---

[2]The Court notes that the lengthy delay between the trial and appellate court decisions occurred when the original trial court decision was set aside because the hearing transcript could not be found; a second hearing was held and, again, Herrod's petition was denied (*see* Doc. 12, pp. 3-5).

2

filed within the one-year statute of limitations period (Doc. 12, pp. 7-9).[3]  Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2244. The specific provision states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A).  The AEDPA became effective on April 24, 1996.  *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

Petitioner's conviction became final on October 1, 1995, forty-two days after he was convicted.  Ala.R.App.P. 4(b)(1).[4] At that point, the AEDPA statute of limitations clock began to run.

---

[3]Petitioner has also asserted that the claims raised in this action are procedurally defaulted (Doc. 12, pp. 9-11).  However, because the Court ultimately finds that this action is time-barred, there is no need to discuss whether the claims are also procedurally barred under State law.

[4]"In a criminal case a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (six weeks) after pronouncement of the sentence, provided that the notice of appeal may be oral, as provided in Rule 3(a)(2)."

3

Petitioner's habeas corpus petition was not filed in this Court until February 25, 2005, more than eight years after the limitations period expired.  Petitioner had filed a Rule 32 petition in state court on May 20, 1997, more than seven months after the limitations period expired.  The Eleventh Circuit Court of Appeals has held that "[a] state court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."  *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000).  Petitioner's Rule 32 petition was filed too late to toll the statute.

Clearly, Petitioner's habeas corpus petition was filed well beyond the one-year limitations period and filed in violation of 28 U.S.C. § 2244(d).  The Court finds that Petitioner has provided no cause for ignoring the dictates of the Anti-Terrorism and Effective Death Penalty Act of 1996.[5]  This action is time-barred.

For the reasoning stated herein, it is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Cheryl Price and against Petitioner George Herrod, Jr. pursuant to 28 U.S.C. §

---

[5]On June 30, 2005, this Court ordered Herrod to show cause, not later than July 20, 2005, why this action should not be dismissed as time-barred (Doc. 13).  As of this date, Petitioner has not responded to that order.

4

2244(d).


MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

  A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

5

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 27th day of July, 2005.

s/BERT W. MILLING, JR.<br>UNITED STATES MAGISTRATE JUDGE